CLEVELAND BAR ASSOCIATION v. POWELL.

[Cite as Cleveland Bar Assn. v. Powell (1989), 46 Ohio St. 3d 606.]

(No. D.D. 87-25—Submitted August 15, 1989—Decided November 8, 1989.)

As of September 12, 1989, W. Thomas Powell owes $1,513.15 in unpaid costs and $50 on Clients' Security Fund claim No. 214.[1] Powell's application for reinstatement to the practice of law is granted conditioned on the following: Powell is to pay a minimum of $150 per month towards his unpaid costs and claim No. 214. Each installment payment will be distributed among claimants on a pro-rata basis until each is fully paid. Should Powell fail for any reason to pay the minimum monthly installment payment of $150, his suspension from the practice of law will be reimposed forthwith. Powell is also cautioned to continue his restitution payments to Greene & Hennenberg Co., L.P.A.

SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., dissents.

MOYER, C.J., dissenting. I dissent to Powell's reinstatement before he has paid the costs in full.

---

[1] For earlier case, see *Cleveland Bar Assn.* v. *Powell* (1988), 37 Ohio St. 3d 185, 524 N.E. 2d 894.

---

BURGESS, APPELLANT, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA ET AL., APPELLEES.

[Cite as Burgess v. Prudential Ins. Co. of America (1989), 46 Ohio St. 3d 606.]

(No. 88-1465—Submitted October 10, 1989—Decided November 15, 1989.)

*Marianna Brown Bettman* and *L. Ruth Levor,* for appellant.

*James B. Helmer, Jr. Co., L.P.A., James B. Helmer, Jr.* and *Virginia Conlan Whitman,* for appellees.

This appeal is dismissed, *sua sponte,* as having been improvidently allowed.

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents.